**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VASHUN LEWIS, | : | CIVIL CASE NO. |
| Petitioner, | : | 3:23-CV-00613 (JCH) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | JANUARY 9, 2025 |
| Respondent. | : | |

**RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
**PURSUANT TO 28 U.S.C. § 2255 (DOC NO. 1)**

## I.    INTRODUCTION

The pro se petitioner, Vashun Lewis ("Mr. Lewis"), filed a Motion to Vacate, Set

Aside, or Correct Sentence pursuant to section 2255 of title 28 of the U.S. Code on May

9, 2023.  See Mot. Vacate, Set Aside or Correct Sentence ("Mot. Vacate") (Doc. No. 1).

On August 14, 2023, the respondent, the United States of America ("the government"),

filed a Memorandum in Opposition to the Motion to Vacate ("Opp'n") (Doc. No. 12).  For

the reasons that follow, Mr. Lewis' Motion to Vacate (Doc. No. 1) is denied.

## II.    BACKGROUND

On July 17, 2019, a grand jury issued a superseding indictment charging Mr.

Lewis with the unlawful possession of a firearm in furtherance of a drug trafficking crime

in violation of section 924(c)(1)(A)(i) of title 18 of the U.S. Code, and unlawful

possession of a firearm in violation of sections 922(g)(1) and 924(a)(2) of the same title.

See USA v. Lewis, 3:18-cr-00220 (JCH), Unredacted Superseding Indictment (Doc. No.

43).

Between August 2019 and September 2019, Mr. Lewis, through his counsel,

Attorney John Andreini, filed two Motions to Suppress arguing, as relevant here, that a

1

search and seizure warrant that resulted in the discovery of the firearm at issue lacked probable cause and, as a result, the firearm seized during the search should be excluded from evidence.  See Lewis, 3:18-cr-00220 (JCH), Motion to Suppress (Doc. No. 51); Lewis, 3:18-cr-00220 (JCH), Second Motion to Suppress (Doc. No. 55).  The court held a hearing on the Motions on October 3, 2019, during which New Haven Police Department Detective Orlando Crespo testified about a confidential informant, who shared information that served as the basis of the warrant at issue.  Lewis, 3:18-cr-00220 (JCH), Ruling on Motions to Suppress (Doc. No. 91) ("Ruling Mots. Suppress") at 11–12.  To protect the identity of the informant, the court ordered Detective Crespo to submit an Affidavit providing additional information about the confidential informant and ordered the Affidavit to be sealed and marked "for attorneys' eyes only."  Lewis, 3:18-cr-00220 (JCH), Minute Entry (Dkt. No. 74).  Mr. Lewis' counsel argued that the sealed Affidavit violates the Confrontation Clause of the Sixth Amendment of the U.S. Constitution because it prohibited Mr. Lewis from inspecting the Affidavit himself.  Ruling Mots. Suppress at 13.  This court denied Mr. Lewis' Motions and concluded the Confrontation Clause does not apply to pretrial suppression hearings.  See id.

On February 29, 2020, new counsel for Mr. Lewis, Attorney Robert M. Frost, Jr., moved for disclosure of the identity of the confidential informant so that Mr. Lewis could prepare his defense.  Lewis, 3:18-cr-00220 (JCH), Motion for Disclosure of Confidential Informant (Doc. No. 126).  In arguing for disclosure, Mr. Lewis theorized the DNA found on the firearm in question may belong to the confidential informant, suggesting the informant, not Mr. Lewis, was in possession of the firearm.  See id.  The court denied the Motion, explaining that Mr. Lewis "failed to carry [his] burden of making a

particularized showing that not receiving the identity of the informant will . . . prevent him from having a fair trial."  Lewis, 3:18-cr-00220 (JCH), Transcript ("Tr.") (Doc. No. 152) at 13:21–24.

In March 2020, the court held a bifurcated trial, during which, the parties stipulated that Mr. Lewis was a convicted felon prior to July 1, 2017, and was aware of his status as such.  Lewis, 3:18-cr-00220 (JCH), Tr. (Doc. No. 154) at 454:7–19.  The court charged the jury, as relevant here, on Count One:

> In order for you to find Mr. Lewis guilty of Count One [possession of a firearm in furtherance of drug trafficking], the Government must prove beyond a reasonable doubt that:
>
> > (1) Mr. Lewis committed a drug trafficking crime for which he might be prosecuted in a court of the United States, specifically, Possession with Intent to Distribute Marijuana; and
> >
> > (2) Mr. Lewis knowingly possessed a firearm in furtherance of that crime, that is, Possession with Intent to Distribute Marijuana.

Lewis, 3:18-cr-00220 (JCH), Jury Charge, Count One (Doc. No. 139) at ¶ 27.  The court charged the jury, as relevant, on Count Two:

> In order for you to find Mr. Lewis guilty of Count Two, the Government must prove beyond a reasonable doubt that:
>
> > (1) Prior to June 1, 2017, Mr. Lewis had been convicted in court of a crime punishable by imprisonment for a term exceeding one year;
> >
> > (2) On or about June 1, 2017, Mr. Lewis knew that he had been convicted of an offense punishable by a term of imprisonment for more than one year;
> >
> > (3) The firearm charged in Count Two was in or affecting interstate or foreign commerce; and
> >
> > (4) On or about June 1, 2017, Mr. Lewis knowingly possessed the firearm charged in Count Two.

Lewis, 3:18-cr-00220 (JCH), Jury Charge, Count Two (Doc. No. 140) at ¶ 4.  The jury

returned guilty verdicts on both Counts.  Lewis, 3:18-cr-00220 (JCH), Verdict Form,

Count One (Doc. No. 133); Lewis, 3:18-cr-00220 (JCH), Verdict Form, Count Two (Doc.

No. 135).

      In April 2021, Mr. Lewis' latest counsel, Attorney Brian Spears, submitted a

substantial brief challenging the (1) constitutionality of the search that led to the

discovery of the firearm at issue; (2) sufficiency of the evidence concerning Mr. Lewis'

possession and use of a firearm in furtherance of drug trafficking; and (3) this court's

application of a sentencing enhancement not at issue in the instant Motion.  See United

States v. Lewis, 21-838, Brief for Defendant-Appellant (Doc. No. 58).  The Court of

Appeals affirmed the judgment of this court, rejecting all three of Mr. Lewis' arguments.

See United States v. Lewis, 62 F.4th 733, 748 (2d Cir. 2023).  In so doing, the Court of

Appeals concluded the evidence presented at trial was "more than sufficient" to

establish that Mr. Lewis possessed a firearm and did so in furtherance of drug

trafficking.  Id. at 745.

      On May 9, 2023, Mr. Lewis filed the instant Motion, the bases of which are

discussed below.  Mot. Vacate.

## III.    LEGAL STANDARDS

    A.    Section 2255 Petition

      "Collateral challenges[,] . . . [being] in tension with society's strong interest in the

finality of criminal convictions, the courts have established rules that make it more

difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."

Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks

omitted).  Section 2255 of title 28 of the U.S. Code permits a federal prisoner to move to

vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief is available "under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

The petitioner bears the burden of proving that he is entitled to relief by a preponderance of the evidence. See Skaftouros v. United States, 667 F.3d 144, 158 (2d Cir. 2011). Because Mr. Lewis is proceeding pro se, the court must read his "submissions broadly so as to determine whether they raise any colorable legal claims." Parisi v. United States, 529 F.3d 134, 139 (2d Cir.2008) (citing Weixel v. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir.2002)).

B.    Ineffective Assistance of Counsel

A petitioner claiming ineffective assistance of counsel must satisfy a two-prong test under Strickland v. Washington, 466 U.S. 668, 687-88 (1984). First, he must demonstrate that his counsel's performance "fell below an objective standard of reasonableness." Id. at 688; see also United States v. Abad, 514 F.3d 271, 275 (2d Cir. 2008). Second, he must show that he was actually prejudiced as a result of counsel's deficient performance. See Strickland, 466 U.S. at 687, 692; see also Harrington v. United States, 689 F.3d 124, 129 (2d Cir. 2012).

5

Under the first prong, the petitioner "bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman v. Morrison, 477 U.S. 365, 381, (1986); see also Gjuraj v. United States, No. 3:12-CV-1686, 2013 WL 3540986, at *4 (D. Conn. July 10, 2013). The Second Circuit has described the petitioner's burden as "a heavy one because, at the first step of the analysis, [a court] 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Harrington, 689 F.3d at 129 (quoting Raysor v. United States, 647 F.3d 491, 495 (2d Cir. 2011)). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." Kimmelman, 477 U.S. at 381.

Under the second prong, to show prejudice, a petitioner must establish "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2003). Strickland defines a reasonable probability as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. As such, prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

While the petitioner must prove deficient performance and actual prejudice, "there is no reason for a court to address both components of the inquiry if the

[petitioner] makes an insufficient showing on one." Garner v. Lee, 908 F.3d 845, 861 (2d Cir. 2018) (internal quotation marks and alterations omitted).

## IV.    DISCUSSION

Reading Mr. Lewis' Motion broadly, he argues ineffective assistance of counsel. His counsels' ineffectiveness is shown, according to Mr. Lewis, by their failure to challenge (1) the superseding indictment because it lacked the signature of a foreperson; (2) the court's denial of his Motion seeking the disclosure of the identity of the confidential informant; (3) the court's failure to instruct the jury that for the government to satisfy its burden of proof under Count Two, it must prove Mr. Lewis knew he was subject to a sentence of one year due to his commission of a prior crime at the time he possessed the firearm at issue; and (4) the basis of his conviction because Counts One and Two rely on identical behavior, possession of the same firearm. Mot. Vacate at 4–10.[1]

Separately, Mr. Lewis argues his conviction under section 922(g)(1) of title 18 of the U.S. Code should be vacated under Rahaif v. United States, 588 U.S. 225 (2019). Id. at 13–17. The court addresses each of these arguments in turn.

### A.    Indictment Signature

Contrary to Mr. Lewis' assertion, id. at 5, neither the original nor superseding indictments lack a foreperson's signature. USA v. Lewis, 3:18-cr-00220 (JCH), Unredacted Indictment (Doc. No. 2); Unredacted Superseding Indictment. In order to protect the identity of the foreperson, the public does not have access to unredacted

---

[1] Mr. Lewis also asserts Attorney Spears was ineffective because he was "working with the government". Mot. Vacate at 5–8. However, Mr. Lewis' argument is unpersuasive because he offers nothing to support this accusation. See United States v. Montilla, 85 F. App'x 227, 230 (2d Cir. 2003) (summary order) ("defendant's bald assertions fail to overcome the presumption . . . that [counsel's] decision was the product of sound trial strategy.").

indictments.  The court, however, has reviewed the unredacted indictments at issue and confirmed that both the original and superseding indictments are signed.  Accordingly, Mr. Lewis was not prejudiced by his counsels' failure to challenge the adequacy of the indictments on this basis because it was an argument certain to fail had it been raised.

     B.    <u>Identity of Confidential Informant</u>

     Mr. Lewis' trial counsel repeatedly, and vigorously, argued that Mr. Lewis was entitled to know the identity of the government's confidential informant.  <u>See</u>, <u>supra</u>, part II.  Despite his counsels' efforts, this court concluded that disclosure of the confidential informant was not constitutionally required.  <u>See</u> Ruling Mots. Suppress.  Accordingly, the court sees no reason to conclude that Mr. Lewis' trial counsel was ineffective merely because they failed to persuade this court of their arguments.  <u>See</u> <u>Corbett v. United States</u>, No. 3:15-CV-1461 (RNC), 2019 WL 4758340, at *8 (D. Conn. Sept. 30, 2019) (explaining that merely because appellate counsel failed to persuade the Second Circuit of certain arguments on direct appeal does not make that counsel ineffective under the law).

     As for Mr. Lewis' appellate counsel, "[c]ourts on collateral review may not 'second-guess reasonable professional judgments and impose on counsel a duty to raise every "colorable" claim suggested by a client.'"  <u>Weingarten v. United States</u>, 865 F.3d 48, 53 (2d Cir. 2017) (quoting <u>Jones v. Barnes</u>, 463 U.S. 745, 752 (1983) (cleaned up).  Instead, so long as the attorney's decision to omit certain legal arguments reflects a "plausible litigation strategy," that strategy may not be second guessed in hindsight.  <u>See</u> <u>id.</u>  Here, Mr. Lewis' appellate counsel reasonably decided to argue on direct appeal that evidence should have been excluded at trial.  <u>See</u> Brief for Defendant-Appellant**.**  Appellate counsel's decision to pursue this argument to the exclusion of

others, including the identity of the confidential informant, was reasonable because, had

counsel succeeded, Mr. Lewis' conviction could have been vacated.

C.    Jury Instruction

To be convicted under section 922(g)(1) of title 18 of the U.S. Code, the

government must prove the defendant was aware of his prior conviction for a term of

imprisonment greater than one year; this court instructed the jury accordingly.  Jury

Charge, Count Two at ¶ 4.  Further, the parties stipulated as to Mr. Lewis' pertinent

criminal history and awareness of this fact.  Tr. at 459:24–460:11[2]  Because the court

properly instructed the jury, Mr. Lewis was not prejudiced by his counsel's decision not

to challenge the jury instruction as to this issue.

D.    Double Jeopardy

Mr. Lewis' convictions do not violate the Double Jeopardy Clause of the Fifth

Amendment of the U.S. Constitution.  "In assessing whether a defendant is

impermissibly charged with essentially the same offense more than once in violation of

the Double Jeopardy Clause of the Constitution, the touchstone is whether Congress

intended to authorize separate punishments for the offensive conduct under separate

statutes."  United States v. Chacko, 169 F.3d 140, 146 (2d Cir. 1999).  To determine

Congress' intent, courts generally apply the Blockburger test.  E.g., id.; United States v.

Barrett, 102 F.4th 60, 89 (2d Cir. 2024).  Under the test, "where the same act or

transaction constitutes a violation of two distinct statutory provisions, the test to be

applied to determine whether there are two offenses or only one, is whether each

---

[2] To the extent Mr. Lewis' argument can be read as a claiming his attorney should not have agreed to this stipulation, the court does not conclude that doing so prejudiced Mr. Lewis.

provision requires proof of a fact which the other does not." <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932); <u>accord</u> <u>Barrett</u>, 102 F.4th at 89.

Here, Mr. Lewis' convictions under Counts One and Two, though they both rely on the same act, possession of a firearm, do not violate the Double Jeopardy Clause because each Count required the government to prove elements separate from the other.  Under Count One, the government was required to prove the defendant used a firearm in furtherance of a drug trafficking scheme.  <u>See</u>, <u>supra</u>, part II; 18 U.S.C. § 924(c)(1)(A).  Under Count Two, by contrast, the government had to prove the defendant's criminal history and his knowledge of the same.  <u>See</u>, <u>supra</u>, part II; 18 U.S.C. 922(g)(1).  Therefore, Mr. Lewis was not prejudiced by his attorneys' failure to raise this argument because it would have failed had it been raised.

     E.    <u>Application of Rehaif v. United States</u>

Mr. Lewis' conviction does not run afoul of <u>Rehaif v. United States</u>, 588 U.S. 225 (2019), for this reason, his conviction under section 922(g)(1) of title 18 of the U.S. Code is not void.  In <u>Rehaif</u>, the Supreme Court concluded "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  588 U.S. at 237.[3]  The government's superseding indictment, however, charged Mr. Lewis with possessing a firearm while "having been, and <u>knowing that he had been</u>, convicted . . . of crimes punishable by imprisonment for a term exceeding one year[.]"  Superseding Indictment at ¶ 2 (emphasis added).  As already discussed, the parties stipulated to Mr. Lewis'

_____

[3] Following <u>Rehaif</u>, and Mr. Lewis' conviction, Congress amended section 924(a)(2) by removing reference to section 922(g).  <u>See</u> Pub. L. 117–159, § 12004(c)(1).

knowledge of his conviction, and the court charged the jury with considering whether Mr. Lewis was aware of his criminal status in deciding whether he violated section 922(g)(1).  See, supra part IV.C.  Accordingly, Mr. Lewis' conviction satisfied the dictates of Rehaif.

## V.    CONCLUSION

For the reasons stated above, the petitioner's Motion to Vacate the Sentence (Doc. No. 1) is denied.  Because the petitioner has not made a "substantial showing" of denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).  The Clerk is hereby directed to close this case.


**SO ORDERED.**

Dated at New Haven, Connecticut this 9th day of January 2025.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge